United States District Court
District of Boston

Paul Azzara
    Petitioner

V

Warden David Winn
    Respondent

<u>Emergency Relief Requested</u>

FILED
2005 MAR 23 P 12:07

USDC 28 § 2241

<u>Request For Protective Custody</u>

1. The Petitioner Paul Azzara, having previously filed action No 4:04-CV-40220 with this Hon. Court, believes this Hon. Court is familiar with my situation for the past 6 months.

2. I was assaulted (Beat up) by staff on Tuesday March 15, 2005 at around 11:00 am. My hands were cuffed behind my back, my head was slammed into the wall, and I was kicked repeatedly.

3. I have given the B.O.P. Actual notice

1 of 11

that I Believed my safety was in danger, but have no way to copy every letter sent as I do not have enough paper here in the special housing unit.

4. here are the certified numbers for my requests for administrative relief through

A. staff counsel for FMC Devens (Ann H Zgrodnik).
B. The regional office
C. Warden Winn
D. NE Regional office
E. Special Investigations (S.I.S.)

2/16/05

7004 2510 0003 6622 3656 - Regional Director
7004 2510 0002 2099 1295 - Ann Zgrodnik

2/25/05 - request for protective custody

7004 2510 0004 1274 0038 - Regional
7004 2510 0002 2099 1288 - ann H Zgrodnik

2 of 11

2/27/05 – A new request for protective custody from staff because of a "threat from staff."

    7004 2510 0004 1274 0045 – Regional office
    7004 2890 0003 6894 1803 – Ann Zgrodnik
    7004 2890 0003 6894 1797 – Warden Winn
        By hand – S.I.S

3/1/05 – a sensitive request to the Regional office for a transfer & again notice of a threat from staff.

    7004 2890 0003 6894 1810 – Regional office
       U.S. Mail – Ann Zgrodnik

3/3/05 complaint about a staff member coming into my cell to start a fight and request to preserve the videotape of the incident.

    7004 2890 0003 6894 1728 – Regional office
        By hand – SIS

3/8/05 – Find letter requesting protective custody.

    7004 2890 0003 6894 1742
    7004 2890 0003 6894 1759
    7004 2890 0003 6894 1766

5. The certified numbers in #4 above are the ones I received confirmation that were in fact delivered thereby giving this institution and the B.o.P. <u>Actual notice</u> of the situation, and proof of utilizing the administrative remedy process.

6. This institution refuses to provide me with the address for the central office. I have requested the address from the regional office but have not received a response yet.

7. Nonetheless, this is an emergency situation and I ask this Hon. Court to exercise its discretion in waiving the requirement that this petitioner first exhaust his administrative remedy options before filing a <u>2241</u> with this Hon. court.

8- As seen in #4, I have not only been writing asking for a transfer but also complaining about staff here in the special housing unit. I have been physically threatened by staff, and staff has also told other inmates that I am a sex offender & "snitch." Both of which are not true.

9. On tuesday 3/15/05 I was moved from cell # 210 to cell # 224. My hands were cuffed behind my back. The cell door was closed and locked & the cuffs were never removed.

10. A little while later the door opened and an officer pushed a cart into the cell with most but not all of my personal belongings on it. The cart was unloaded and removed. Again

5 of 11

the door was locked but the cuffs were never removed.

11. A little while later a group of officers appeared, opened the door, and proceeded to beat me with my hands cuffed behind my back. My eyeglasses were taken off and because of my severe myopia (-7.00 - -8.75), I could not see specifically who was doing what, but I tried very hard to exit the door so I would again be on camera.

12. When temporarily in the hall or door, I noticed that my counselor (O'conner) was in the hall and I yelled to him "O'conner, get S.I.S. immediately." He said "I can't get involved." I said (while still struggling to get away

6 of 11

"well you're a witness." he said "no I'm not."

13. I truly believe that had it not been for counselor O'connor being witness to this beating, that it would have been much worse.

14. A few hours later, I told medical staff what had occurred, and I was examined (on videotape) then later taken to the hospital here at Devens for X-Rays. I believe I have broken ribs but that has not been confirmed yet by medical.

15. Enclosed as Exhibit A is the incident report I received that night. It makes no sense and is an attempt by staff to cover-up the situation.

16. Section 11 of Exhibit A states "___ I issued inmate azzara a direct order to stand

7 of 11

up and move to the cell door so that his restraints could be removed."

The above sentence shows that I <u>was</u> restrained, & that if I was told to move to the door, then I was inside and staff was outside the door. Clearly no threat to myself or staff.

"Inmate Azzara refused my order, sat on the floor & became violent."

Well your Honor; how does one who has has hands cuffed behind his back that is sitting on the floor, become violent? Although the description of events <u>is</u> inaccurate, sitting on the floor in restraints is <u>non violent</u>.

"Immediate use of force was utilized in order to gain control of inmate Azzara."

8 of 11

So, they admit using <u>Force</u> but say it was to "gain control of Azzam" who was allegedly "sitting on the floor cuffed," but "who was violent while alone!"

17. In an attempt to cover up the situation the enclosed incident report was issued, but the incident report clearly shows that unjustified force was used!

18. I forgot to mention in number 11 and I do not have enough paper to rewrite this, is that I was told "This is for all the complaints you're writing and maybe this will teach you to stop." Again, Counselor O'connor happened to be witness by some stroke of luck which is why I believe I was taken out of harms way

before any serious damage was done.

19. I have sent letters to the following:

S.I.S.
Staff Counsel Ann H Zgrodnik
Warden Winn
Regional office
Unit Manager Anthony Calobio
and my Criminal Counsel,

asking for not only protective custody from Inmates & staff, but also to please contact the F.B.I. as I now fear for my safety and possibly life.

### Relief Requested

20. Please contact the prison orally and order that I remain in sole protective custody from staff & inmates pending Investigation by the F.B.I and then pending transfer.

21. The Plaintiff further requests that an <u>order</u> be issued enjoining this facility from destroying the video from Range 2 in the special housing unit from 3/15/05 which clearly will support this plaintiffs claim.

22. In the interests of fairness and justice, preserving this video is essential to this Plaintiffs claim, and it is believed that videos are only preserved for 30 days.

Respectfully submitted

This 16th Day of March, 2005

Paul Azzara.

11 of 11

## Certification

I certify under penalty of perjury that the aforementioned is true and correct pursuant to U.S.C. title 28 § 1746.

Dated Ayer, MA

March 16, 2005.

Sent certified: 7004 2510 0003 6622 6107

Respectfully,

Paul Azzara
F.M.C. Devens
# 83640-054

# Exhibit A

Incident Report From 3/15/2005

# Incident Report

I have decided to send my original copy of the incident report to counsel for safe keeping and to copy.

here is an exact copy of Senior officer specialist P. NotorFrancesco's Description of the incident on 3/15/05 at 11:20am.

and I quote:

"On March 15, 2005 at approximatetly 11:20am I issued inmate Azzara, Paul # 83640-054 a direct order to stand-up and move to the cell door so that his restraints could be removed. Inmate Azzara refused my order, sat on the floor and become violent. Immediate use of force was utilized in order to gain control of inmate Azzara".
end quote.

I Certify under penalty of purjury that the previous quote was copied directly from the incident report Dated 3/15/05 that was handed to me by a Lieutenant on 3/15/05 at 7:15 PM, Pursuant to U.S.C. title 28 §1746.

Paul Azzan

*[signature]*

# 83640-054

F.M.C. Devens

P.O. Box 879

Ayer, MA 01432