UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
PAUL GORDON AZZARA,            )
          Petitioner,          )
                               )
          v.                   )   C.A. No. 05-10640-NMG
                               )
DAVID WINN,                    )
          Respondent.          )
```

MEMORANDUM AND ORDER

For the reasons set forth below, Azzara's pleadings are deemed to be a <u>Bivens</u>[1] civil rights action and not a habeas petition pursuant to 28 U.S.C. §2241, notwithstanding that he has denoted the pleading as a §2241 petition.  This action is dismissed without prejudice to renew upon the filing of a Complaint in accordance with Rules 3 and 8(a) of the Federal Rules of Civil Procedure, and upon either payment of the $250.00 filing fee or the filing of an Application to waive the fee. Additionally, Azzara's Request for Emergency Relief for Protective Custody is denied.

Finally, Plaintiff is advised that this Court will not consider any letters or pleadings filed by him absent payment of the requisite filing fee or the filing of a completed Application to Proceed Without Prepayment of Fees, accompanied by a certified prison account statement.

BACKGROUND

---

[1] <u>Bivens v. Six Unknown Agents of the FBN</u>, 403 U.S. 388 (1971).

On October 22, 2004, Plaintiff Paul Azzara, a prisoner at FMC Devens, in Ayer, MA, filed a *pro se* complaint under 42 U.S.C. §1983[2] and 28 U.S.C. §2241, alleging, *inter alia*, Eighth Amendment violations, and seeking immediate injunctive relief to get him out of segregation (i.e., the Special Housing Unit ("SHU") a/k/a "the "hole").  The case was assigned Civil Action No. 04-40220-NMG.

On December 14, 2004 a Memorandum and Order issued in that action, directing Plaintiff to either pay the filing fee or file a completed Application to proceed *in forma pauperis*, accompanied by his prison account statement, as required by 28 U.S.C. §1915(b), and to show cause why the action should not be dismissed for the reasons stated therein, including the failure to state a claim upon which relief could be granted. The Court also declined to consider any §2241 habeas petition and instructed the Azzara to file a separate petition delineating his habeas claims.

Subsequently, on January 27, 2005, Plaintiff sought to include a claim for sleep deprivation by prison officials. The Court declined to consider that claim in Civil Action No. 04-40220-NMG and advised Azzara that such action needed to be

---

[2]The Court construed this action as a <u>Bivens</u> claim. <u>Bivens v. Six Unknown Agents of the FBN</u>, 403 U.S. 388 (1971).

2

asserted in a separate civil complaint, which was also subject
to the filing fee requisites.

On February 14, 2005, this Court dismissed Civil Action
No. 04-40220-NMG for the failure of Azzara to pay the filing
fee or seek a waiver thereof, and for failure to show good
cause why the action should not be dismissed.

On March 15, 2005, Plaintiff filed a document he
described  as a petition for writ of habeas corpus under 28
U.S.C. §2241, which incorporated a request for emergency
injunctive relief.  In that document, Azzara advised that he
had unsuccessfully attempted to exhaust remedies with respect
to transfer out of the special housing unit ("SHU") and sought
this Court's assistance in ordering a transfer out of the SHU
into the general population or transfer to another facility.
Plaintiff also sought *ex parte* emergency relief to enjoin the
prison from force feeding him, indicating he plans to go on a
"hunger strike" commencing April 12, 2005 (the six month
anniversary of his placement in the SHU). No filing fee
accompanied the pleading, nor did Plaintiff file an
Application to Proceed Without Prepayment of Fees, accompanied
by his prison account statement.

The March 15, 2005 filing was treated as a petition for
writ of habeas corpus under 28 U.S.C. §2241, and assigned as

3

Civil Action No. 05-10553-NMG.  A Memorandum and Order dated
March 22, 2005 dismissed that action and denied the relief
sought.

A day later, on March 23, 2005, this Court received
another complaint by Azzara seeking Emergency Relief under
§2241 for protective custody (dated March 16, 2005), alleging
that he was beaten by staff at the prison on March 15, 2005.
He claims to have sent the incident report to his counsel (in
his criminal appeal) instead of this Court.  He also requests
this Court contact the FBI for him.   His complaint lists
various requests he has made for transfer and for protective
custody[3], and other complaints about staff.    Again,
Plaintiff failed to pay the filing fee or file an Application
to Proceed Without Prepayment of Fees.

<u>ANALYSIS</u>

I.  <u>This action shall be treated as a Bivens claim and not a
    habeas petition.</u>

As a general matter, a party only may challenge the fact or
duration of his custody through a habeas petition and may not use the
habeas route to assert other civil rights claims.  To the extent

---

[3]It is noted that Plaintiff was in protective custody, and
this Court was previously advised that Plaintiff wished to
remain in protective custody. Plaintiff later objected to this
characterization by the Court.  It appears now Plaintiff seeks
protective custody.

4

that Azzara claims a violation of his constitutional rights
based on his alleged beating by staff, they are not properly
the subject of a habeas petition because they do not involve a
request for release from confinement, and do not challenge the
fact of confinement or duration of sentence.  See Rael v.
Williams, 223 F.3d 1153, 1155 (10th Cir. 2000) (affirming
dismissal without prejudice of conditions of confinement
claims in habeas petition); accord Carson v. Johnson, 112 F.3d
818, 821 (5th Cir. 1997) (if successful claim would not entitle
prisoner to accelerated release it must be brought in a civil
rights action rather than a habeas proceeding); Kamara v.
Farquhuarson, 2 F. Supp. 2d 81, 89 (D. Mass. 1998) (dismissing
habeas petition without prejudice to any due process or Eighth
Amendment claims).

    Rather, claims challenging the conditions of a prisoner's
confinement are more properly raised through a civil action.
See, e.g., McIntosh v. United States Parole Comm'n, 115 F.3d
809, 811-12 (10th Cir. 1997); Savocchio v. Crabtree, 1999 WL
562692, 1 (D. Or. 1999).

    Accordingly, this action shall be construed as a Bivens
claim and not a §2241 habeas petition.[4]

-------------------------------------

    [4]Because §1983 applies only to state actors and not
federal actors, Plaintiff is deemed to be bringing his suit
for damages for alleged violations of his constitutional

II.  <u>Failure to Pay Filing Fee or Submit Application for Waiver</u>

Plaintiff has been advised on at least two prior occasions that a prisoner filing a civil action in this Court must either (1) pay the filing fee for such actions ($5.00 for a habeas petition or $250 for a civil action) or (2) file an application to proceed *in forma pauperis* with a certified prison account statement.  <u>See</u> 28 U.S.C. §1915 (proceedings *in forma pauperis*); Rule 3 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to other habeas petitions).

As noted in this Court's Memorandum and Order of March 22, 2005, Azzara has previously failed to comply with this Court's directives with respect to the filing fee issues. Indeed, Civil Action No. 04-40220-NMG was dismissed in part, for failure to comply with this directive. His further attempts at this juncture to obtain relief from this Court without compliance with those directives cannot be sanctioned.

_____

rights by federal employees, under the doctrine of <u>Bivens v. Six Unknown Agents of the FBN</u>, 403 U.S. 388 (1971). <u>Bivens</u> suits only can be brought against federal officers in their individual capacities. <u>See</u> <u>Rivera v. Riley</u>, 209 F.3d 24, 28 (1st Cir. 2000); <u>Affiliated Prof'l Home Health Care Agency v. Shalala</u>, 164 F.3d 282, 286 (5th Cir. 1999); <u>Buford v. Runyon</u>, 160 F.3d 1199, 1203 (8th Cir. 1998); <u>Sanchez-Mariani v. Ellingwood</u>, 691 F.2d 592, 596 (1st Cir. 1982).

Plaintiff's repeated filings for "emergency" relief, do not relieve him of the statutory requirements with respect to the filing fee, and this Court will not permit what apparently is a repeated pattern by this litigant, to circumvent the filing fee requirements. To do so would undermine the purposes of the Prison Litigation Reform Act, which provide that a prisoner must pay the filing fee for civil actions, in its entirety, albeit through installment payments. This requirement provides an incentive to a prisoner to first assess the merits of his claim before filing in court. The requirement also denies the prisoner the ability to "test the waters" as to the merits, with no adverse financial consequences. Accordingly, this action shall be dismissed, for failure to either pay the filing fee or seek a waiver thereof.

Plaintiff is further advised that future attempts to seek emergency relief, absent the filing of a Complaint pursuant to Rules 3 and 8(a) of the Federal Rules of Civil Procedure, demonstrating this Court's jurisdiction over his claims, and identifying the allegedly liable parties, will not be considered. Moreover, unless Plaintiff complies with the filing fee directives as outlined on several occasions by this Court, his filings will not be considered.

III.  <u>The motion for *ex parte* emergency relief is Denied</u>.

     Notwithstanding the failure to resolve the filing fee
issues, the Court nevertheless considers the Azzara's *ex parte*
emergency request for an order that he be placed in protective
custody. Such request is Denied.

     First, Plaintiff has failed to exhaust administrative
remedies with respect to his request, although he requests
this Court waive such requirement, because this is an
"emergency" situation. Section 1997e(a) provides that no
action shall be brought with respect to "prison conditions"
under §1983 by a prisoner "until such administrative remedies
as available are exhausted."  42 U.S.C. §1997e(a).  Prison
conditions, for purposes of Section 1997e(a), have been
broadly interpreted to include "all inmate suits about prison
life." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).  Thus,
plaintiff's claims about his placement in protective custody
involve "prison conditions" and are subject to the exhaustion
of remedies requirement.  <u>See</u> <u>id.</u>; <u>accord</u> <u>Menina-Claudio v.
Rodriguez-Mateo</u>, 292 F.3d 31, 34 (1ˢᵗ Cir. 2002).

     The fact that Azzara seeks emergency injunctive relief is
insufficient to overcome the exhaustion requirement.  <u>See</u>
<u>Booth v. Churner</u>, 532 U.S. 731, 740 (2001) (a prisoner must
exhaust all available administrative processes regardless of

8

the relief offered through those procedures); <u>accord</u> <u>Menina-Claudio</u>, 292 F.3d at 35 (no futility exception to the exhaustion requirement); <u>cf.</u> <u>Casanova v. Dubois</u>, 289 F.3d 142, 147 (1st Cir. 2002) (citation omitted) (although the exhaustion requirement is not jurisdictional, it is mandatory).  The failure to exhaust stands alone as an adequate grounds to dismiss this action, and undermines any assertion that he has a likelihood of success on the merits, for purposes of considering injunctive relief.

    A party seeking a preliminary injunction bears the burden of demonstrating (1) a likelihood of success on the merits; (2) a potential for irreparable injury; (3) that the balance of the relevant equities favors him; and (4) the public interest would not be adversely affected by an injunction.  <u>See</u> <u>Narragansett Indian Tribe, et al. v. Guilbert</u>, 934 F.2d 4, 5 (1st Cir. 1991).  The Court will not construe Azzara's motion for emergency relief as a request for a preliminary injunction because preliminary injunctions may <u>not</u> be issued without notice to the adverse party, and the motion has not been served on the defendants.  <u>See</u> Fed. R. Civ. P. 65(a)(1).  The Court will construe the request for injunctive relief solely as a motion for an *ex parte* restraining order.  <u>See</u> Fed. R. Civ. P. 65(b).

    The same four-factor test for preliminary injunctions also has been extended to temporary restraining orders.  <u>Levesque v. State of</u>

9

<u>Maine</u>, 587 F.2d 78, 80 (1st Cir. 1976); <u>accord</u> <u>Latin American Music</u>

<u>Co. v. Cardenas Fernandez & Assoc., Inc.</u>, No. 00-1443, 2001 WL

196742, at *1 n. 2 (1st Cir. Feb. 23, 2001) (same); <u>see</u> <u>Butler v.</u>

<u>Maine Sup. Jud. Ct.</u>, 758 F. Supp. 37, 38 (D. Me. 1991)

(applying criteria).

    A party seeking an *ex parte* temporary restraining order must

allege, in an affidavit or verified complaint, that his injury or

loss is "immediate and irreparable" and will occur before the adverse

party or that party's attorney can be heard in opposition to the

motion.  <u>Id.</u>[5]  Further, the party's attorney (or the party himself,

if proceeding *pro se* as here) must certify to the court in writing

the efforts, if any, which have been made to give the notice and the

reasons supporting the claim that notice should not be required.  <u>Id.</u>

---

[5]Rule 65(b) states that:
> A temporary restraining order may be
> granted without written or oral notice to
> the adverse party or that party's attorney
> only if (1) it clearly appears from
> specific facts shown by affidavit or by the
> verified complaint that immediate and
> irreparable injury, loss, or damage will
> result to the applicant before the adverse
> party or that party's attorney can be heard
> in opposition, and (2) the applicant's
> attorney certifies to the court in writing
> the efforts, if any, which have been made
> to give the notice and the reasons
> supporting the claim that notice should not
> be required.

Fed. R. Civ. P. 65(b).

As an initial matter, Azzara has not certified his efforts to give notice to the named defendants in this action.  He has listed some attempts to give notice of his request for protective custody, but has not otherwise certified his efforts. The failure to do so is grounds in and of itself for denial of the motion.  See Thompson v. Ramirez,  597 F. Supp. 726, 726 (D. P.R. 1984) (denying temporary restraining order, in part, where there had been no certification to court in writing, of the efforts, if any, of notification to adverse parties).

More importantly, however, at this juncture, Azzara has not demonstrated a likelihood of success on the merits.  Establishing a likelihood of success on the merits is "critical" to a successful application for preliminary injunctive relief, and a party who is unable to convince the trial court that they will probably succeed on the merits is not eligible for interim injunctive relief.  Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993).

As noted in the prior actions, Azzara cannot compel prison officials to place him either in the general population, or transfer him to another location.  Simply stated, absent a showing by the Plaintiff of some constitutional violation, this Court will not interfere in the prison's decision as to his appropriate placement within the prison.  See, e.g., Helms, 459 U.S. at 468 (1983) (inmate has

11

no liberty interest in avoiding "administrative" (non-punitive) segregation from the general prison population); <u>Montanye v. Haymes</u>, 427 U.S. 236, 242 (1976) (as long as the conditions of confinement to which prisoner is subjected are within the sentence imposed and are not otherwise violative of the Constitution, Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight); <u>See also</u> <u>Sandin v. Connor</u>, 515 U.S. 472 (1995)(prisoner's liberty interests "will generally be limited to freedom from restraint which ...imposes <u>atypical and significant</u> hardship on the inmate in relation to the ordinary incidents of prison life.") <u>Id.</u> at 484 (emphasis added).

In light of the above, Azzara's claims in this regard are Dismissed, and the motion for emergency relief is Denied.


<u>CONCLUSION</u>

Based on the foregoing, it is hereby ORDERED:

1.    The above captioned matter is DISMISSED.

2.    The motion for an *ex parte* order for placement in protective custody is Denied.

3.    If Azzara wishes to raise claims of constitutional deprivations in connection with prison conditions, he shall file a civil action in accordance with Federal Rules of Civil Procedure 3 and 8(a). <u>Additionally, if Azzara wishes to litigate a civil action based on prison conditions, he shall pay the $250.00 filing fee, or file</u>

12

<u>an Application to Proceed Without Prepayment of Fees,</u>
<u>accompanied by his certified prison account statement</u>. An
initial partial filing fee shall be assessed, with
further installment payments to be made in accordance
with 28 U.S.C. §1915(b).

4.  Plaintiff is warned that failure to comply with this
    Court's directives with respect to the filing fee may
    result in the imposition of sanctions, including the
    enjoinment of the Plaintiff from filing further actions
    in this Court.

Dated at Boston, Massachusetts, this 31st day of March, 2005.

                            /s/ Nathaniel M. Gorton
                            NATHANIEL M. GORTON
                            UNITED STATES DISTRICT JUDGE

13